UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN L. PINDELL,

        Petitioner,                        Case Number: 2:19-CV-10917

v.                                              HON. DENISE PAGE HOOD

J. A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

This matter is before the Court on Petitioner Warren L. Pindell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pindell argues that the First Step Act, Public Law 115-391, 132 Stat. 5194, requires the Federal Bureau of Prisons ("BOP") to recalculate his good-time credit, but the BOP has failed to do so. For the reasons stated below, the Court dismisses the petition.

**I.    Background**

Pindell was convicted in the United States District Court for the District of Columbia of twelve counts of depriving individuals of their civil rights under color of law, 18 U.S.C. § 242, thirteen counts of armed robbery, 22 D.C. Code § 2901, § 3202; and one count of assault with a dangerous weapon, 22 D.C. Code § 502. *See*

*United States v. Pindell*, No. 1:00-cr-00216. On June 29, 2001, he was sentenced to 120 months for deprivation of civil rights under color of state law, 36 to 108 months for armed robbery, and 36 to 108 months for assault with a dangerous weapon. *Id*.

Pindell filed a motion to vacate sentence under 28 U.S.C. § 2255, which the trial court denied. *Id.* at Dkt. 95. The United States Court of Appeals denied Pindell's motion for certificate of appealability. *United States v. Pindell*, No. 06-3028 (D.C. Cir. Aug. 11, 2011). He then filed the pending petition under 28 U.S.C. § 2241.

## II. Discussion

Pindell claims that he is entitled to the immediate recalculation of good-time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) to increase the maximum allowable good-time credit from 47 to 54 days per year. Pindell argues that, if his good-time credit is recalculated in accordance with the First Step Act, he is being held past the expiration of his sentence. He asks the Court to order his immediate release.

The good-time provisions of the First Step Act did not become effective when the Act was signed. The change to the calculation of good-time credit will

take effect after the attorney general completes the "risk and needs assessment system" required by § 101(a) of the Act. *See United States v. Powell*, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *3 (E.D. Ky. Apr. 8, 2019) (good-time provision takes effect only when the "risk and needs assessment system" is completed); *Roy v. United States Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019) (same). This assessment must be completed within 210 days of the First Step Act's enactment, that is, by July 19, 2019. *See* § 101(a) of the FSA 2018.

The BOP does not have the authority to recalculate Petitioner's good-time credit until the relevant provisions of the First Sept Act take effect. *See* 18 U.S.C. § 3624(b)(1); *United States v. Caldwell*, No. 5:02-cr-375, 2019 WL 1923908, *2 (N.D. Ohio Apr. 30, 2019); *Powell*, 2019 WL 1521972, at *3. The petition, therefore, is premature and will be dismissed without prejudice. If Pindell believes he is entitled to additional good-time credit after the change takes effect, he must exhaust his administrative remedies before petitioning for habeas relief.

## III. Order

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

s/Denise Page Hood
U. S. District Court Judge

Dated: June 28, 2019